## J. D. CLOUD v. THE STATE.

No. 19312.  Delivered January 19, 1938.

The opinion states the case.

*Fred O. Jaye,* of DeLeon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of turkeys is the offense; penalty assessed at confinement in the penitentiary for two years.

The State's witness, Gus Wilhelm, owned some turkeys which were in a high net-wire enclosure. About eleven o'clock in the morning of November 5, 1936, he heard a noise among the turkeys. He also heard the motor of a car running. When the witness got within 50 or 60 yards of his turkeys, he saw a man driving them up in a corner of the fence. The man then reached down, grabbed two turkeys and started off with them. The witness "hollered" and the man dropped the turkeys and jumped over the fence. Wilhelm saw appellant the next day and recognized him as the person who took the turkeys. The

witness described the car driven by the appellant as a roadster with a rumble seat.

Reese, the former sheriff of Comanche County, testified that he made an investigation of the turkey theft reported by Wilhelm. He found the appellant's car in a ditch. There were tracks of a man and a woman leading from the car and into a pasture. The sheriff was familiar with the appellant's car and stated that the car in the ditch was that belonging to the appellant.

The appellant was arrested on April 23, 1937, which was several months after the commission of the alleged offense.

The appellant did not testify upon the trial.

In Bill of Exception No. 1 complaint is made of the action of the District Attorney in propounding to the State's witness, Gus Wilhelm, the following question: "Q. Do you know whether Pete Cloud was in the penitentiary at that time?"

The bill fails to reveal what answer was given by the witness. Therefore, no error is shown.

Bill of Exception No. 2 complains of the testimony of the State's witness, John Reese, who testified on re-direct examination as follows: "Yes, I said that Wilhelm called and said it was the 'old Cloud boy that has just got back from the penitentiary.' Yes, this defendant had just got back from the penitentiary."

The bill is qualified with the statement that the testimony quoted above was brought out by the appellant's counsel on cross-examination of the witness Reese.

In Bill No. 3 complaint is made of the action of the District Attorney in propounding to Pete Cloud, a brother of the appellant, the following question: "Q. Were you arrested? State whether or not you were arrested?"

The bill is qualified with the statement that the witness, Pete Cloud, was called by the appellant and testified on direct examination that both he and his wife were arrested November 6, 1936, for the theft of turkeys from Gus Wilhelm. No error is reflected by the bill.

No error having been presented by the record justifying a reversal, the judgment is affirmed.

*Affirmed.*